MAES, Justice (dissenting). {36} I believe that an individual has no expectation of privacy in his or her trash when disposing of it in a public place, on commercial property, such as a dumpster in a motel parking lot. I suggest that there is a difference in one’s reasonable expectation of privacy on commercial property versus residential property. Thus, I respectfully dissent from the majority’s holding and in addition to my own analysis, I adopt Judge Wechsler’s dissenting opinion in the Court of Appeals which is attached hereto as an appendix. See State v. Crane, 2011-NMCA-061, ¶¶ 28-33, 149 N.M. 674, 254 P.3d 117 (J. Wechsler, dissenting). {37} This case is distinguishable from Granville where this Court held that a person has a reasonable expectation of privacy in one’s garbage that has been placed on the curb outside their residence. State v. Granville, 2006-NMCA-098, ¶¶ 15, 22-23, 140 N.M. 345, 142 P.3d 933. Here, Defendant disposed of his garbage in a detached dumpster on commercial property. Because Granville focuses on one’s reasonable expectation of privacy in residential garbage, that analysis does not control here. {38} The central issue in this case is not privacy interests in different residential trash receptacles but instead, privacy interests in commercial trash receptacles. Thus, I disagree with the majority’s characterization of the State’s argument that it is asking us to distinguish a “person’s expectation of privacy in garbage that is generated by the occupant of a private residence and the occupant of a temporary dwelling such as a motel room.” See maj. op., ¶ 28. {39} The majority cites various city ordinances to support the notion that “one’s compliance with local ordinances governing the disposal of household garbage [supports] the reasonableness of their expectation that it will remain private from unwarranted inspection by the government.” Maj. op., ¶ 26. I believe that the majority’s focus on the city mandated type of receptacle to be used is in error. A person’s expectation of privacy in their garbage is based on the assumption that others will not rummage through it. Therefore, we should focus our analysis on the mandated procedures for the collection of garbage. {40} Clovis, Albuquerque, and Bernalillo County all treat residential garbage collection differently than commercial garbage collection. Herein lies the crucial property distinction that should guide our expectation of privacy analysis in the context of commercial properties. The city of Clovis identifies this distinction by mandating that “[gjarbage and rubbish accumulated by residences shall be collected at least once each week. Garbage and rubbish accumulated at all other establishments shall be collected as often as the city manager may deem necessary for the protection of the public health.” Clovis, N.M. Code of Ordinances, ch. 8.04.030 (emphasis added). The fact that residents living in communities of more than six, who have to share a communal trash receptacle due to limited space, does not effect accessibility or collection of said garbage by the city. Rather, Clovis treats residential garbage differently from all other types of garbage in terms of frequency of collection and control by the city. {41} A similar distinction is found in Albuquerque’s code which the majority neglects to address. See Albuquerque, N.M. Code of Ordinances, § 9-10-1-8. Section 8 specifically distinguishes between residential and commercial properties, regardless of the type of trash container utilized, by listing “hotels, restaixrants, and other such businesses and institutions” as commercial properties. Section 8(A)(2). The ordinance mandates that “[a]ll commercial containers are to be accessible between the hours of 4:00 a.m. and 8:00 p.m., or as otherwise designated by the Mayor,” and that the Mayor can “require that more frequent collections be made where necessary to protect the public health.” Section 8(A)(2)(a), (c). Bernalillo County makes the same distinction in its code. See Bernalillo County, N.M. Code of Ordinances ch. 70, art. II, § 70-39(b)(1), (2). It is clear from the ordinances that commercial properties must have trash receptacles that are openly available to the public for mandated periods of time and may be collected more or less frequently depending on public safety. On the other hand, citizens have control over how often they want to put out their trash for collection and accessibility to said trash on their residential property. {42} While Clovis, Albuquerque, and Bernalillo all mandate that communal trash receptacles be utilized for larger residential complexes, each municipal code draws a distinction in the actual collection of the trash based on the nature of the property. In all three codes, residents have more control over their trash, and collection is limited; commercial trash however is not as protected and subject to heavier government control. Thus, it is logical that one would have a reasonable expectation of privacy in residential trash in which he or she exercises greater control. However, it is illogical that a person would have an objectively reasonable expectation in trash that he or she disposes of on commercial property that by law is afforded less protection. Therefore, the majority’s concern that a finding of no expectation of privacy in this case would constitute discrimination of rights based on one’s type of residential dwelling is misguided. Maj. op., ¶ 28. {43} In fact, the majority drew the correct distinction yetreached an incorrect conclusion when it stated that “[t]he fact that a person lives in a single family residence, a multifamily complex, or a temporary dwelling does not prescribe the degree of privacy one is afforded under Article II, Section 10 in the context of garbage searches.” Id. (emphasis added). In this case there is nothing in the record to establish that Defendant was living in the motel. This case does not present a scenario that requires us to confront unequal expectations of privacy based on residential status. Instead, we are required to analyze the expectation of privacy one has in disposed garbage on commercial property. The city ordinances cited by the majority support my suggestion that we implement and adhere to a bright-line rule which distinguishes residential and commercial property in the context of Article II, Section 10 of our Constitution. I believe that there is no expectation of privacy in one’s garbage disposed of in an open dumpster on commercial property. I would hold that the police did not need a search warrant prior to searching the contents of the trash. PETRA JIMENEZ MAES, Justice I CONCUR: CHARLES W. DANIELS, Justice APPENDIX State v. Crane, 2011-NMCA-061, 149 N.M. 674, 254 P.3d 117